983 F.2d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BANK OF CALIFORNIA, Plaintiff-Appellee,
v.
CHEMICAL BANK, Defendant-Appellant,
 No. 91-16275.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 15, 1992.
Decided Jan. 8, 1993.
 
 Before HUG, PREGERSON and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The issue in this case is whether Chemical Bank wrongfully dishonored Bank of California's presentment for payment on a letter of credit. Chemical Bank claims that the district court erred by granting summary judgment in favor of the Bank of California ("BankCal"), because the letter of credit was not binding and BankCal's presentment was fraudulent. We affirm on the basis of the district court order of December 26, 1990.
 
 
 3
 We have considered the arguments advanced by Chemical Bank. No material issue of fact existed as to Cheung's authority to issue the letter of credit or as to the letter's binding effect on Chemical Bank. Furthermore, Chemical Bank did not raise the question of Cheung's authority in the context of the wrongful dishonor claim in the district court.
 
 
 4
 The court properly found that Chemical Bank wrongfully dishonored the letter of credit. Pubali Bank v. City Nat'l Bank, 676 F.2d 1326, 1329-30 (9th Cir.1982) and Mitsui Mfrs. Bank v. Texas Commerce Bank, 206 Cal.Rptr. 218 (Cal.Ct.App.1984) do not counsel otherwise. Pubali does not impose a duty upon a bank to investigate "the truthfulness of its certification" in all situations. Further, unlike the advising bank in Pubali, at the time BankCal submitted certification for payment on the letter of credit, the customer's bill--Delgado's loan--had not been paid. See Pubali, 676 F.2d at 1328. Unlike the lender in Mitsui, at the time BankCal made the loan to the Delgado account, BankCal had no knowledge that the actual transaction was not the transaction represented by the language of the letter of credit. See Mitsui, 206 Cal.Rptr. at 221. The bank in Mitsui was attempting to rely on the customer's statements that contradicted the clear terms of the letter of credit. BankCal relied on Cheung's statements, which were consistent with the letter of credit.
 
 
 5
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3